IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LUCCHETTI, JR., | ) | |
| | ) | Civil Action No. 2:21-cv-1618 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLONIAL AUTO GROUP, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JOSEPH LUCCHETTI, JR., by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in his employment based on age, as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a.      Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about August 5, 2021, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b.      The EEOC issued a Notice of Right to Sue dated November 4, 2021; and,

c.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

<u>PARTIES</u>

5.      Plaintiff, Joseph Lucchetti, Jr., is a 66-year-old male who resides in Westmoreland County, Pennsylvania.

6.      Defendant, Colonial Auto Group, is now, and was at all times relevant to Plaintiff's claims, a business corporation with a registered address of 349 N 4th Street, Indiana, Pennsylvania 15701.

7.      At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8.      The actions of the Defendant, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by the Defendant with reckless disregard and/or deliberate indifference to the rights of the Plaintiff.  As a direct and proximate result thereof, Defendant violated the Plaintiff's federally protected rights, as described herein.

<u>FACTUAL ALLEGATIONS</u>

9.      Plaintiff was employed by the Defendant from in or about October of 2015 until his unlawful termination on or about February 27, 2021.

10.     At the time of the Plaintiff's termination, he held the position of used car sales manager at Defendant's Colonial Motor Mart ("Motor Mart,") located at 349 N 4th Street, Indiana Pennsylvania 15701.

11.    Defendant's stated reason for the Plaintiff's termination was that the company was "going in a different direction."

12.    The reason provided by the Defendant for the Plaintiff's termination is pretextual and unworthy of belief.

13.    Throughout the Plaintiff's employment with the Defendant, Plaintiff never received any negative reviews or evaluations.

14.    Plaintiff was also never disciplined by the Defendant for any reason.

15.    Furthermore, Plaintiff continually met the sales goals set by the Defendant.

16.    Plaintiff held the position of general manager at Defendant's Colonial Toyota, located at 2600 West Pike Road, Indiana, Pennsylvania 15701, from in or about October of 2015 to in or about March of 2020, prior to his employment with the Defendant as used car sales manager.

17.    In or about August of 2019, Defendant hired Scott Hillsberry ("Hillsberry") as the group platform general manager.

18.    Thereafter, on or about February 28, 2020, Plaintiff was terminated from his position at Colonial Toyota.

19.    Thereafter, Defendant replaced the Plaintiff with a significantly younger and less experienced individual.

20.    Shortly thereafter, on or about March 2, 2020, Plaintiff was hired for the position of used car sales manager at Defendant's Motor Mart.

21.    On or about February 27, 2021, Defendant unlawfully terminated the Plaintiff from his position as used car sales manager.

22.    At that time, Mr. Hillsberry stated that the Plaintiff "didn't do anything wrong," but that the company was "going in a different direction."

23.     Shortly thereafter, in a letter dated March 1, 2021, Defendant's owner, Charles Spadafora ("Spadafora"), thanked the Plaintiff for all of his hard work and time with the Defendant and stated that the Plaintiff was a great mentor and a friend.

24.     In that letter, Mr. Spadafora encouraged the Plaintiff to retire.

25.     Additionally, Mr. Hillsberry made negative remarks to the Plaintiff about his age, throughout the Plaintiff's employment.

26.     Plaintiff believes, and therefore avers, that he has been discriminated against and terminated by the Defendant based on his age, 66.

27.     Plaintiff was replaced by a significantly younger and less experience individual.

28.     Plaintiff believes, and therefore avers, that similarly situated, younger employees were treated more favorably than the Plaintiff in that younger employees were not terminated by the Defendant without reason.

29.     As a result of the Defendant's actions, Plaintiff has been adversely affected, both financially and professionally.

30.     Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect individuals similarly situated to the Plaintiff.

COUNT I:

ADEA – AGE DISCRIMINATION

31.     Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

32.     As described hereinbefore above, Plaintiff was subjected to discrimination in that he was unlawfully terminated, due to his age, and treated less favorably than younger, less experienced and less qualified employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

4

33.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

34.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

35.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

d.     that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PHRA

36.     Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37.     Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

38.     As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights.  The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

39.     The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

b.      that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the PHRA;

c.      that the Court award the Plaintiff compensatory damages as a result of Defendant's actions being unlawful and violative of the PHRA;

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  November 8, 2021